IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

BARRY RIPPY,

     Plaintiff,

v.                                  Civil Action No:

                                       Judge
                                       Magistrate Judge

TEPRO

     Defendant.                         (Jury Trial Requested)

_____/

## **COMPLAINT**

Plaintiff, Barry Rippy, was terminated in retaliation for making a complaint to the human resources department about race discrimination and harassment by his supervisor. Mr. Rippy reported discriminatory practices at his facility and within days of that complaint, Mr. Rippy was removed from his position as a chemical mixer, placed on the production line, and his overtime hours were cut. A day after he reported race discrimination and harassment, he was called to the office and suspended for a line shutdown that happened weeks before and was not his responsibility. Although Mr. Rippy objected to this retaliatory action, he served his suspension and attempted to return to work. He was not allowed to return to work and was terminated for a pretextual reason. As such, he files this Complaint of racial harassment, discrimination and retaliation in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.

## JURISDICTION AND VENUE

1. This is an action for declaratory and monetary relief caused by Defendant's violations of 42 U.S.C. § 1981 and violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.

2. This Court has jurisdiction over this action because the actions complained of occurred in Winchester, Franklin County.

3. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

4. Plaintiff complied with all conditions precedent to the filing of his claims pursuant to 42 U.S.C. § 2000e *et. seq*, to wit: a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; on October 22, 2018, the EEOC issued Plaintiff a Notice of Right to Sue. This amended action was commenced within 90 days of receipt of the EEOC's Notice of Right to Sue.

## PARTIES

5. Plaintiff, Mr. Barry Rippy, an African American man, had been an employee of Defendant, within the meaning of Title VII.

6. Defendant TEPRO, Inc. ("TEPRO") is a Tennessee corporation licensed to transact business in Tennessee. Its registered agent for service of process is Debbie Faulkner, 590 Baxter Lane, Winchester, TN 37398. At all material times, Defendant has been an employer as defined by Title VII.

## FACTUAL BACKGROUND

2

7.     Plaintiff, Barry Rippy, was employed as a chemical mixer for Defendant TEPRO from December 2016 until his termination on October 5, 2017. Initially, Mr. Rippy was employed through a staffing agency. He became a full-time employee of TEPRO on June 7, 2017.

8.     On information and belief, sometime in 2017 Brian Hannaway, a Caucasian man, became Mr. Rippy's supervisor.

9.     Mr. Hannaway engaged in racially discriminatory and harassing behavior including treating white employees better than black employees. Mr. Hannaway subjected black employees to worse working conditions and worse job assignments than the white employees. Mr. Hannaway would yell and scream at black employees creating a hostile work environment and would not subject white employees to the same treatment.

10.     Mr. Rippy became increasingly fed up with Mr. Hannaway's harassing and discriminatory behavior. Following TEPRO policy, he reported Mr. Hannaway's racially-motivated behavior to the human resources department.

11.     TEPRO has a work rule that prohibits abuse and harassment of employees:

> Use of abusive, insulting, defiant, threatening language, or harassing actions toward fellow employees is prohibited and could result in termination of employment.

12.     Shortly after he made his complaint to Human Resources, Mr. Rippy was removed from his chemical mixer position and put onto the production line, an inferior position.

13.     After he was moved to production, Mr. Hannaway accused him of causing a line shutdown three weeks earlier. Mr. Rippy had no prior discipline related to work performance on the assembly line.

14.     Mr. Rippy disputed that he was the cause of the line shutdown, however, he served his suspension.

3

15. Mr. Rippy called the Human Resources office after his suspension to determine when to return to work and was told that Mr. Hannaway did not want him back. Mr. Rippy requested to be moved to another shift or under another supervisor and his requests were denied.

16. TEPRO follows a progressive discipline policy of verbal counselling, written counselling, final counselling, and termination.

17. Although Mr. Rippy had not received any prior discipline for work performance on the assembly line, his first incident of alleged poor performance resulted in his termination.

18. On October 5, 2017, TEPRO terminated Mr. Rippy for alleged poor job performance.

19. On April 11, 2018, Plaintiff filed a Charge of Discrimination with the EEOC alleging race harassment and discrimination, retaliation and age discrimination.

## <u>COUNT I</u>
### (Retaliation under 42 U.S.C. § 1981 and Title VII)

20. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

21. It is the public policy and law of the State of Tennessee and federal law that employees must be able to exercise their rights under state and federal discrimination law without fear of reprisal or penalty from an employer.

22. Plaintiff objected to and protested race harassment and discrimination in the workplace. Such actions by the Plaintiff are statutorily protected activities under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

4

23.     In violation of the Title VII and 42 U.S.C. § 1981, Defendants repeatedly disciplined, suspended, and terminated Plaintiff's employment in retaliation for exercising his rights under Title VII and/or 42 U.S.C. § 1981.

24.     Defendants retaliated against Plaintiff because of his protected activity by taking adverse action against Plaintiff. As a result of Plaintiff's complaints and protests of race harassment and discrimination in the workplace, Defendant terminated his employment for a pretextual reason, namely a false accusation him of poor work performance.

25.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, and lost earnings and benefits.

## COUNT II
### (Race Discrimination/Harassment under 42 USC § 1981)

26.     Plaintiff is an African American and was singled out for harassment and discrimination on the basis of his race.

27.     Upon information and belief, White employees were not subjected to the type of discipline that Plaintiff suffered.

28.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

29.     As a result, Plaintiff is entitled to recover his damages, including lost wages, compensatory and punitive damages, attorneys' fees, costs, interest, and any other legal and equitable relief to which he may be entitled.

## COUNT III
### (Race Discrimination/Harassment under Title VII)

5

30.     Plaintiff restates and incorporates herein the allegations in the above paragraphs.

31.     Plaintiff was subjected to a continuing and on-going campaign of race harassment and discrimination in Defendant's workplace because of his race, African American.

32.     Plaintiff reported and/or protested incidents of harassment by his manager to Human Resources. Defendant failed to remedy and/or prevent race harassment in the workplace.

33.     Defendant is vicariously liable for the harassment perpetrated by management and is liable for failing to remedy harassment in the workplace.

34.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional and physical injury, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, lost earnings, attorney's fees, costs, interest and any other legal and equitable relief to which he may be entitled.

### PRAYER FOR RELIEF& JURY DEMAND

WHEREFORE, premises considered, Plaintiff prays for the following relief:

A.      Monetary award of damages for Back Pay and Front Pay;

B.      Pre- and post-judgment interest;

C.      Compensatory Damages and Punitive Damages;

D.      Attorney's fees and costs, and expenses of the action;

E.      All other legal and equitable relief to which Plaintiff shows he is entitled, and which is just and proper; and

F.      A jury trial.

6

Respectfully submitted,
COLLINS & HUNTER, PLLC

*/s Heather Moore Collins*
Heather Moore Collins (# 026099)
Anne Hunter (# 022407)
Paige M. Lyle (# 032959)
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com
paige@collinshunter.com

*Attorneys for Plaintiff*

7